## Case No. 11,236.

### The PLYMOUTH ROCK.

[9 Ben. 79;[1] 23 Int. Rev. Rec. 129.]

District Court, E. D. New York. March 27, 1877.

MARITIME LIEN—PRESUMPTION OF CREDIT.

When the master of a foreign vessel has authority to contract upon the credit of his vessel for necessary repairs, the credit of the vessel is presumed to be an element in any contract he may make for such repairs. An apparent necessity for the credit of the vessel is presumed from the necessity for the repairs and the general authority of the master. This presumption is not repelled by proof that the owner of the vessel was in good credit at the time the repairs were ordered.

The New Jersey Southern Railroad owned several steamers, which in 1873 were plying between Long Branch and New York. The master of one, the Plymouth Rock, ordered canvas to be put over her decks, for which

work the libellants [John W. Santbrink and others] charged the vessel upon their books, and renderd a bill therefor on board the vessel. They were referred to the office of the railroad company for payment, and there were asked to take the note of the railroad at 60 days. This they consented to do, if the man who furnished them the duck would take it in payment of his bill; and, getting his assent, they received the note and signed a printed form of bill-head and receipt made out by the railroad company, as against itself, covering the amount due them for this work, and some flags furnished to another steamboat of the company. The note was endorsed by the libellants and passed over to their dealer in canvas; but before its maturity the railroad company failed and went into the hands of a receiver and the note was never paid. Neither payment nor laches were set up in defence to this action, but solely that the work was done on the credit of the railroad company and not of the steamboat.

Beebe, Wilcox & Hobbs, for libellants.

Shearman & Sterling, for claimants.

BENEDICT, District Judge. This is an action to enforce a lien for certain repairs (putting canvas on decks) of a foreign vessel. The work was done in May, 1873, and its necessity to enable the vessel to transact her business is not denied.

The only defence set up in the answer, is that the work was performed solely upon the credit of the New Jersey Southern Railroad Company, and not upon the credit of the vessel.

[The evidence shows that the vessel was owned by the New Jersey Southern Railroad Company; that the work in question was ordered by the master of the vessel, whose authority to give the order has not been disputed. The order was for the vessel, and the amount was charged to the vessel in the books of the libellants. No other evidence of what occurred at the time of the contracting of the debt is given. Upon these facts alone it would hardly be contended that an exclusive personal credit to the owners had been shown.][2]

It has been proven, on the part of the defence, that the libellants who had rendered their bills on board the vessel, and had been referred to the office of the New Jersey Southern Railroad Company, as the place where they would get their pay, on appearing there were requested to take the note of the railroad company, at sixty days. This was not assented to by the libellants until they had learned whether the man from whom they had purchased the duck used by them in repairing the steamboat would be willing to accept the note from them. On application to the duck man he was found willing to take the note if endorsed by the

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [From 23 Int. Rev. Rec. 129.]

libellants, whereupon the libellants accepted the note of the railroad company, payable at sixty days. This note included not only the bill for repairs to the Plymouth Rock, but also a small bill of $28 for flags furnished to the steamboat Jesse Hoyt, a vessel in the employ of the same railroad company.

At the time of giving the note the railroad company presented to the libellants, for signature, a receipt in full printed at the bottom of a bill made out by the railroad company and not by the libellants, which bill included both the bill in suit and the bill for the flags, the charges being distinguished in the body of the bill by placing opposite to each the name of the vessel to which it belonged. The heading of the bill was printed, and read, "The New Jersey Southern Railroad Company to Santbrink & Lathrop, Dr." Upon accepting the note the libellants signed the receipt, printed at the bottom of the bill, but added to the words, "Received in full of the above account," the further words, "by note payable sixty days from date." The note thus received was at once passed over to the duck-man, but was never paid, and is now tendered for cancellation by the libellants. The railroad company became insolvent and passed into the hands of a receiver within a month or two after giving the note.

These are all the circumstances proved that can have any bearing upon the issue raised by the answer, where neither payment nor laches is set up, but only that no lien for the repairs in question was ever created, because the work was done solely upon the credit of the New Jersey Southern Railroad Company and not upon the credit of the vessel; and they are not sufficient to sustain the defence.

The fact that after the work had been done the libellants were persuaded to postpone the day of payment for sixty days, provided the man from whom they had purchased their materials would give them a like extension, and that the note of the owner, payable in sixty days, was then taken, is very slight evidence to show that the terms of the original contract excluded the idea of a credit to the vessel; and any inference to that effect possible to be drawn from the form of the bill, made by the owner, which was receipted by the libellants, is repelled by the fact that the work was ordered for the vessel, that nothing whatever was then said about a personal credit, that the suggestion to take a note of the owners was first made when the libellants came to demand payment for work already done, and was then proposed as a matter of favor to the owners —not of right—and that the work was charged by the libellants, at the time, to the vessel and not to the owners, and the bill therefor presented on board the vessel.

The case contains testimony tending to show that the railroad company was in good credit at the time this work was done, but that fact, if it can be considered as proved in face of the admission that the stock of the company was selling at from twenty-five to thirty-five cents on the dollar, is not sufficient to raise the presumption of a personal credit, or to prevent the creation of a lien in a case like this. There is no evidence in this case that the master of the vessel who ordered the work had any funds at his command which he ought to have applied to procure these repairs, and no circumstances are shown casting upon the libellants the obligation of ascertaining that the master had no authority to contract for the repairs on the credit of the vessel; indeed, it has not been contended that the master had not such authority, but the ground taken is, that, as matter of fact, he did not contract upon the credit of the vessel. Where the master of a foreign vessel has authority to contract upon the credit of his vessel, and does contract for supplies necessary to the vessel, the presumption arises that the credit of the vessel is an element of the contract. An apparent necessity for the credit of the vessel is presumed from the necessity for the supplies and the general authority of the master. The Grape-Shot, 9 Wall. [76 U. S.] 138. This presumption is not repelled by proving that the owners of the vessel were in good credit at the time. In the case of The Guy, 9 How. [50 U. S.] 758, such proof was made, but the lien nevertheless upheld.

My conclusion, therefore, is that the debt in question was contracted upon the credit of the vessel, and consequently there must be a decision in favor of the libellants for the amount of their demand, with interest and costs.